[No. C016326. Third Dist. Mar. 29, 1994.]

In re MORIAH T. et al., Persons Coming Under the Juvenile Court Law.
BUTTE COUNTY CHILD PROTECTIVE SERVICES, Plaintiff and
Respondent, v.
HARRY T., Defendant and Appellant.

**[Opinion certified for partial publication.†]**

---

†Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

## Counsel

Gary V. Crooks, under appointment of the Court of Appeal, for Defendant and Appellant.

Thomas W. Kelly for Plaintiff and Respondent.

## Opinion

**SCOTLAND, J.**—Appellant, the father of Moriah T. and Harry T., appeals from a juvenile court order which terminated reunification services and scheduled a hearing to select and implement a plan of adoption, guardianship, or long-term foster care for the minors (Welf. & Inst. Code, §§ 366.22, subd. (a), 366.26; further section references are to the Welfare and Institutions Code), and which continued a prior visitation order pending the section 366.26 hearing. The order granting appellant continued visitation with the minors was as follows: After adopting the social worker's recommendation that appellant comply with a service plan which, among other things, required him to visit the minors "regularly," the juvenile court specified that visitation shall be "consistent with the well-being of the minor[s], and at the discretion of Child Protective Services as to the time, place, and manner."

In the published portion of this opinion, we reject appellant's claim that the visitation order improperly delegated to child protective services (CPS) the power to determine whether appellant would be permitted to visit with his children. The record reflects the juvenile court did not give CPS absolute discretion to decide whether any visitation should occur; rather, appellant was granted the right to visit the minors "regularly." For reasons which follow, we conclude the juvenile court acted properly in delegating to CPS the responsibility of managing the ministerial details of that visitation.

In reaching this conclusion, we disagree with dictum in *In re Jennifer G.* (1990) 221 Cal.App.3d 752 [270 Cal.Rptr. 326], which suggests that a visitation order must specify the frequency and length of visits. As we shall explain, the *Jennifer G.* dictum is at odds with the purposes and practical necessities of visitation orders in dependency proceedings.

In the unpublished portion of this opinion, we conclude that appellant's remaining claims of error are not cognizable in this appeal. (§ 366.26, subd. (k).)

Accordingly, we shall affirm the visitation order and will dismiss the appeal to the extent it raises issues which are not subject to interim appeal.

(*In re Matthew C.* (1993) 6 Cal.4th 386, 401 [24 Cal.Rptr.2d 765, 862 P.2d 765].)

## FACTS

In January 1992, the minors were removed from their parents' custody and placed in foster care because continual substance abuse by both parents placed the children at risk of physical harm and because three of their siblings were known to have suffered physical harm or neglect. (§ 300, subds. (b), (j).) The juvenile court adopted the CPS social worker's recommendation that appellant enter into and comply with a service plan which, among other things, required appellant to visit the minors "regularly," and provided that the social worker was to "arrange for, and monitor visitation . . . ." The juvenile court also adopted as an order of the court the social worker's recommendation that "[v]isitation rights be granted to [appellant] as consistent with the well-being of the minor[s], and at the discretion of Child Protective Services as to the time, place and manner." This visitation order was unchanged throughout the 18 months in which reunification services were provided to appellant.

During the reunification period, appellant initially visited the minors. He then moved to Oregon without notifying the social worker, and did not visit the children for three months. After appellant returned to California, the social worker required him to attend regular meetings with the social worker to demonstrate his commitment to reunification before a visitation schedule would be arranged. By the 12-month review hearing, appellant had not visited the children for 6 months. Noting that appellant had "not completed the Alcohol and Drug Services Awareness Course nor submitted to the drug tests requested," had "not contacted the social worker on a regular basis," and had "failed to fully comply with the services required to [show] he is at all interested in reunification with his children," the social worker recommended that reunification services be terminated but that visitation continue.

At the review hearing, the juvenile court ordered an additional six months of reunification services, and maintained the previously ordered visitation.

Appellant made increased efforts to comply with the service plan but failed to complete parenting classes, did not attend counseling regularly, failed to provide requested drug testing and did not complete a drug relapse prevention program, did not contact the social worker on a regular basis, failed to maintain scheduled visits with the minors, and got in a fight with the minors' mother, striking her and causing her to be hospitalized. Opining that appellant had "failed throughout the past eighteen months to provide the

Court with any hope that he is serious about reunification with [the minors]," the social worker recommended that reunification services be terminated.

At the 18-month review hearing, appellant testified that his failure to complete the parenting classes and substance abuse program and his failure to visit the children regularly were due to transportation problems and scheduling conflicts which the social worker refused to address. He attributed his failure to comply with drug testing to the fact that he had lost, and on some occasions had not received, papers requesting the tests. According to appellant, he had missed his last meeting with the social worker because his car broke down.

Explaining that it found appellant "to be lacking in credibility," the juvenile court terminated reunification services and set a permanency planning hearing (§ 366.26). The court ruled that the existing visitation order would remain in effect pending the section 366.26 hearing.

DISCUSSION

I

■ Appellant contends that, in specifying his visitation shall be "consistent with the well-being of the minor[s], and at the discretion of [CPS] as to the time, place, and manner," the juvenile court erred by delegating to a CPS social worker the power to determine whether appellant would be permitted to visit with his children pending the section 366.26 hearing. We disagree.

■ In a dependency proceeding, the juvenile court has the power and responsibility to define a noncustodial parent's right to visit with his or her child after the minor has been adjudged a dependent child of the court and has been removed from parental custody. (§§ 361, subd. (a), 362, subd. (a), 362.1;[1] *In re Jennifer G., supra* 221 Cal.App.3d 752, 757; *In re Danielle W.* (1989) 207 Cal.App.3d 1227, 1234-1237 [255 Cal.Rptr. 344].) This does not

---

[1]Section 361, subdivision (a) provides in pertinent part: "In all cases in which a minor is adjudged a dependent child of the court on the ground that the minor is a person described by Section 300, the court may limit the control to be exercised over the dependent child by any parent or guardian and shall by its order clearly and specifically set forth all such limitations. . . . The limitations shall not exceed those necessary to protect the child."

Section 362, subdivision (a) provides in pertinent part: "When a minor is adjudged a dependent child of the court on the ground that the minor is a person described by Section 300, the court may make any and all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the minor . . . ."

Section 362.1 provides: "In order to maintain ties between the parent and minor, and to provide information relevant to deciding if, and when, to return a minor to the custody of his

mean the juvenile court must specify all the details of visitation. The statutory scheme contemplates that the probation department (§ 280) or the county welfare department (§ 272) has discretion in recommending and implementing visitation ordered by the court.[2] As noted in *Danielle W.*, "The juvenile law system envisions a cooperative effort between the probation officer [or county welfare department social worker] and the juvenile court. . . . [¶] The Department . . . acts as an arm of the court in the best interests of the minor. . . . [¶] It [is] within the Department's role as a representative of the state and as an arm of the court, as empowered by the Legislature, to exercise limited discretion in the administration of the juvenile court's visitation order." (207 Cal.App.3d at pp. 1234-1235.)

■ Thus, as appellant concedes, the juvenile court may delegate to the probation officer or social worker the responsibility to manage the details of visitation, including time, place and manner thereof. (*In re Jennifer G.*, *supra*, 221 Cal.App.3d at p. 757; *In re Danielle W.*, *supra*, 207 Cal.App.3d at pp. 1234-1237; *In re Albert B.* (1989) 215 Cal.App.3d 361, 385 [263 Cal.Rptr. 694].) As stated in *Jennifer G.*, the ministerial tasks of overseeing visitation as defined by the juvenile court "can, and should, be delegated to the entity best able to perform them, here the department of social services." (*In re Jennifer G.*, *supra*, 221 Cal.App.3d at p. 757.) "Such matters as time, place and manner of visitation do not affect the defined right of a parent to see his or her child and thus do not infringe upon the judicial function." (*Ibid.*) Only when a visitation order delegates to the probation office or county welfare department the absolute discretion to determine whether any visitation occurs does the order violate the statutory scheme and separation of powers doctrine. (*Id.*, at p. 758; *In re Danielle W.*, *supra*, 207 Cal.App.3d at p. 1237.)

■ Here, the juvenile court did not give the CPS social worker complete discretion to decide whether any visitation should occur. The juvenile court adopted the CPS social worker's recommendation that appellant enter into and comply with a service plan which, among other things, required appellant to visit the minors "regularly." Having exercised its judicial authority in determining that appellant had a right to visit the minors regularly, the juvenile court delegated to CPS the responsibility to "arrange for, and

or her parent or guardian, every order placing a minor in foster care, and ordering reunification services, shall provide for visitation between the parent or guardian and the minor. Visitation shall be as frequent as possible, consistent with the well-being of the minor."

[2]For example, it is the probation office or county welfare department which has the statutory responsibility to prepare a report advising the juvenile court whether reunification services should be provided whenever a child is removed from parental custody (§ 361.5, subd. (c)), to provide the court with a recommended plan for family reunification (§ 358.1), and to implement reunification services which shall include visitation (§§ 361.5, 362.1, 16500 et seq.).

monitor visitation" which would be "consistent with the well-being of the minor[s]" (see § 366.21 ["Visitation shall be as frequent as possible, *consistent with the well-being of the minor*" (italics added)]), and "at the discretion of [CPS] as to the time, place and manner." In effect, the juvenile court simply delegated to CPS the responsibility of managing the ministerial details of visitation.

Since CPS's role in managing the details of appellant's visitation as granted by the court is limited and subject to the juvenile court's supervision and control over its exercise (§ 388), the juvenile court did not abdicate its statutory duty to determine the limits to appellant's control over the minors, including visitation with them. (*In re Danielle W., supra,* 207 Cal.App.3d at pp. 1236-1237; see also *In re Albert B., supra,* 215 Cal.App.3d at p. 385.)

██ Nevertheless, appellant argues the juvenile court erred because its visitation order did not specify the frequency and length of visits and thus, in effect, delegated to CPS absolute authority over visitation. This contention is supported by dictum in *In re Jennifer G., supra,* 221 Cal.App.3d 752, which struck down the following dependency order: " 'Visitation with the mother and fater [*sic*] be under the direction of the Department Social Services.' " (*Id.,* at p. 755.) The appellate court concluded the order was improper because it did not determine whether the parties had any right to visitation, leaving that decision to the complete discretion of the department. (*Id.,* at pp. 757-758.) Then, in dictum, the court faulted the order because, assuming a right of visitation was intended, the juvenile court did not determine "the frequency and length of visitation." (*Id.,* at p. 757.)

To the extent it suggests a juvenile court must specify the frequency and length of visitation granted to a party in a dependency proceeding, *Jennifer G.* is inconsistent with *In re Danielle W., supra,* 207 Cal.App.3d 1227. Moreover, in our view, the *Jennifer G.* dictum is at odds with the purposes and practical necessities of a visitation order intended to protect the well-being of a dependent child while both maintaining ties between the child and parent or guardian and providing the parent or guardian with an opportunity to demonstrate why his or her right to custody and care of the child should be reestablished.

██ The purposes of visitation orders in juvenile court dependency proceedings differ from those in family law cases where judicial officers often specify in detail the frequency and length of visits. Because circumstances have placed a child at substantial risk of harm and since intervention by the juvenile court is deemed necessary to protect the child, visitation arrangements, albeit important, are but a partial component of a family's case plan.

The family plan must focus on the child's best interests and on the elimination of conditions which led to the juvenile court's finding that the child has suffered, or is at risk of suffering, harm specified in section 300. (§ 362, subd. (c).) Supervision by the probation office or county welfare agency is statutorily mandated. (§ 362, subd. (b).)

Consistent with these legislative dictates, a juvenile court relies on the county agency to manage each dependency case and to provide the court with information on the family's progress and on the well-being of the child. Because the period of juvenile court jurisdiction is designed to be relatively brief, the effectiveness of a family plan, including visitation, depends on the resources and flexibility of the agency charged with its implementation and supervision. As noted in *In re Danielle W.*: "The nature of the task of the juvenile court system in responding to the rapidly changing and complex family situations which arise in dependency proceedings and the interests of judicial economy require the delegation of some quasi-adjudicatory powers to [members] of the executive branch dedicated to the dependent child's welfare." (207 Cal.App.3d at p. 1237.)

Requiring a disposition order to specify frequency and length of visitation compromises the ability of the county agency to fulfill its statutory mandate to supervise each case in a manner consistent with the child's best interests. Visitation arrangements demand flexibility to maintain and improve the ties between a parent or guardian and child while, at the same time, protect the child's well-being. Moreover, compelling a juvenile court judicial officer to specify such detail in a visitation order creates the risk that the order actually may work to the detriment of the child whom the court must protect, and even to the disadvantage of the parent or guardian who is making progress toward eliminating the conditions which required juvenile court intervention. A juvenile court cannot be expected to anticipate and promptly respond to changing dynamics of the relationship between parent or guardian and child, which changes may dictate immediate increases or decreases in visitation or demand variations in the time, place and length of particular visits. Juvenile court judicial officers simply do not have the time and resources to constantly fine tune an order in response to the progress or lack thereof in the visitation arrangement, or in reaction to physical or psychological conduct which may threaten the child's well-being. Thus, parties in a dependency proceeding should not be locked into a visitation order which specifies a rigid schedule and length of visits. Such an order is not in the best interests of either the child or the parent or guardian because it fails to allow the flexibility necessary to rapidly accommodate the evolving needs of the dependent child and his or her parent or guardian.

In our view, the frequency and length of visits are simply aspects of the time, place and manner of visitation. Accordingly, the juvenile court may

grant to the county agency the discretion to determine the frequency and length of visitation ordered by the court. This does not constitute an improper delegation of judicial power where the court has decided that the parent or guardian has a right to visitation and where the court has provided the agency with broad "guidelines as to the prerequisites of visitation or any limitations or required circumstances." (*In re Danielle W., supra*, 207 Cal.App.3d at p. 1237, fn. omitted.) Such is the case here. The visitation order contemplates that appellant would visit the minors regularly, at times, in places, and in a manner consistent with the well-being of the minors.This order provides CPS with adequate guidelines to administer the details of the visitation order.

We are unpersuaded by appellant's suggestion that such delegation is inappropriate because it can lead to abuses by the probation officer or social worker who assumes the responsibility of managing the details of visitation. As we have noted, the role of the agency and its agent is subject to the juvenile court's supervision and control. Accordingly, if the agency is abusing its responsibility in managing the details of visitation, the parent or guardian may bring that matter to the attention of the juvenile court by way of a section 388 petition to modify the visitation order.

II*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

DISPOSITION

The appeal is dismissed to the extent it raises issues which are not subject to interim appeal. The visitation order is affirmed.

Puglia, P. J., and Blease, J., concurred.

A petition for a rehearing was denied April 22, 1994, and appellant's petition for review by the Supreme Court was denied June 16, 1994.

---

*See footnote, *ante*, page 1367.