[No. B108764. Second Dist., Div. Four. Nov. 6, 1997.]

In re DONNOVAN J. et al., Persons Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v.
ROY L., Defendant and Appellant.

**COUNSEL**

Konrad S. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

De Witt W. Clinton, County Counsel, Joe Ben Hudgens, Deputy County Counsel, Auxiliary Legal Services and Jill Regal for Plaintiff and Respondent.

**OPINION**

**EPSTEIN, J.**—Roy L. (Father) appeals an order of the juvenile court that provides "[f]ather to have no visitation rights [with children] without permission of minors' therapists." Father contends this order unlawfully delegates judicial authority to the therapists. We agree. We therefore reverse and remand to the juvenile court to exercise its discretion in fashioning a visitation order.

### FACTUAL AND PROCEDURAL SUMMARY

Father has two children—Donnovan, born July 7, 1991, and Jazzalynn, born June 16, 1993. Father's children were declared dependent children

under Welfare and Institutions Code section 300[1] based on findings of sexual abuse to Donnovan and the children's exposure to violent confrontations between parents. When terminating its jurisdiction the juvenile court issued an order stating: "Father to have no visitation rights without permission of minors' therapists. Father's visitation is further contingent upon compliance with Dependency Court ordered psychological counseling. Father's visitation is further contingent upon proof of . . . successful participation in Dependency Court ordered psychological counseling and a recommendation from Father's therapist. Father's visits are thereafter to be monitored."

DISCUSSION

■ The superior court, sitting in dependency cases such as this, has the power and responsibility to regulate visitation between dependent children and their parents. (*In re Moriah T.* (1994) 23 Cal.App.4th 1367, 1374 [28 Cal.Rptr.2d 705]; *In re Jennifer G.* (1990) 221 Cal.App.3d 752, 754 [270 Cal.Rptr. 326]; § 362.4.) To satisfy this responsibility, a court must "define the rights of the parties to visitation." (*In re Jennifer G., supra,* 221 Cal.App.3d 752, 757.) The court may delegate "ministerial tasks of overseeing the right [to visitation] as defined by the court" to a child protective services agency. (*Ibid.*) Within guidelines established by the court, the child protective services agency may exercise flexibility in managing the visitation. (*In re Moriah T., supra,* 23 Cal.App.4th at p. 1375; *In re Danielle W.* (1989) 207 Cal.App.3d 1227, 1237 [255 Cal.Rptr. 344]; but see *In re Jennifer G., supra,* 221 Cal.App.3d at p. 757 [stating in dicta that a court should determine frequency and length of visitation].)

■ A court's delegation to a private therapist, as in this case, raises additional concerns. Unlike a child protective services agency, a private therapist is not statutorily bound to "act as a cooperative arm of the juvenile court." (*In re Chantal S.* (1996) 13 Cal.4th 196, 213 [51 Cal.Rptr.2d 866, 913 P.2d 1075].) A private therapist is not accountable to the court in the same manner as a child protective services agency.

Our Supreme Court recently considered the delegation of judicial authority to a private therapist. In *In re Chantal S., supra,* 13 Cal.4th 196, a father challenged a visitation order, claiming that it gave a therapist absolute discretion in determining whether visitation should occur. (*Id.* at p. 213.) The order stated: " 'Visitation . . . for father . . . to be facilitated by [Chantal's] therapist, . . . [¶] . . . Father must attend therapy regularly and make satisfactory progress for a time before any visits as determined by his

---

[1]All statutory citations are to this code.

therapist.' " (*Id.* at p. 202.) The Supreme Court analyzed whether the requirements that visitation be "facilitated" by Chantal's therapist and that the therapist determine when "satisfactory progress" was achieved constituted an improper delegation of judicial authority. It concluded they did not.

The condition requiring facilitation of visitation by Chantal's therapist gave that person "no discretion whatsoever. The directive that Chantal's therapist 'facilitate' visitation appears designed merely to mandate that Chantal's therapist cooperate with the court's order that visitation occur once certain conditions are met." (*In re Chantal S., supra,* 13 Cal.4th at p. 213.) Since this portion of the order did not give the therapist any discretion, it was not an unlawful delegation of judicial power.

Nor was the portion of the order that allowed the therapist to determine when "satisfactory progress" was achieved an unlawful delegation. The court reasoned that the juvenile court must have concluded that visitation was not appropriate until the father had made satisfactory progress. (*In re Chantal S., supra,* 13 Cal.4th at pp. 213-214.) The juvenile court thus appropriately restricted visitation to a time when the therapist determined the father had progressed satisfactorily. (*Id.* at p. 214.)

Although the court upheld the order in *Chantal S.,* it implicitly recognized that an order may be improper for delegating judicial authority to a private therapist. This is consistent with findings of improper delegations of judicial authority to private individuals in other contexts, and with the prohibition in the California Constitution against delegation of duties other than subordinate judicial duties. (See Cal. Const., art. VI, § 22; *De Guere* v. *Universal City Studios, Inc.* (1997) 56 Cal.App.4th 482, 496 [65 Cal.Rptr.2d 438] ["The California Constitution, article VI, section 22, prohibits the delegation of judicial power except for the performance of subordinate judicial duties."]; *In re Edgar M.* (1975) 14 Cal.3d 727, 735 [122 Cal.Rptr. 574, 537 P.2d 406] [without judicial review, referee's finding juvenile ward of the court would constitute unlawful delegation].)

The order in our case differs significantly from the order reviewed in *Chantal S.* The order before us states that Father has "no visitation rights without permission of minors' therapists." It neither requires that the therapists manage visitation ordered by the court, nor sets criteria (such as satisfactory progress) to inform the therapists when visitation is appropriate. Instead it conditions visitation on the children's therapists' sole discretion. Under this order, the therapists, not the court, have unlimited discretion to decide whether visitation is appropriate. That is an improper delegation of

judicial power. Although a court may base its determination of the appropriateness of visitation on input from therapists, it is the court's duty to make the actual determination.

We could speculate that the court intended to allow visitation only when Father had made progress in his therapy or that it intended visitation to begin only when the children no longer exhibit regressive behavior when told of upcoming visits. The problem is that the order is open to numerous interpretations and thereby fails to provide the therapists with any guidelines for "facilitating" the visitation.

In *In re Chantal S., supra,* 13 Cal.4th 196, after determining that no unlawful delegation existed, the court proceeded to evaluate any prejudice the father suffered from the restrictive terms of the order. The court stated that the facts of the case justified denying visitation altogether, so that the father benefited from the court's order restricting rather than denying visitation. (*Id.* at p. 214.) "The fact that the juvenile court . . . issued the restrictive order challenged now, amounts to a windfall to father, not a violation of his rights." (*Ibid.*)

The *Chantal* court left the order intact and was therefore able to determine that the father benefited from the restrictive order. In this case, the portion of the order giving the therapists sole discretion constituted an unlawful delegation and cannot stand. The order does not reveal whether visitation is appropriate or what conditions are necessary to ensure the safety of the children. Therefore, we remand this case to the juvenile court for it to exercise its discretion in determining the conditions of visitation.

### DISPOSITION

The order is reversed, and the case is remanded for further proceedings consistent with this opinion.

Vogel (C. S.), P. J., and Baron, J., concurred.