[No. C061669. Third Dist. June 22, 2010.]

In re KYLE E., a Person Coming Under the Juvenile Court Law.
SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES, Plaintiff and Respondent, v.
MICHAEL E., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts I., II., III., and V. of the Discussion.

**COUNSEL**

Janet H. Saalfield, under appointment by the Court of Appeal, for Defendant and Appellant.

Robert A. Ryan, Jr., County Counsel, and Lilly C. Frawley, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**BUTZ, J.**—Appellant, Michael E., presumed father of the minor Kyle E., appeals from an order of the juvenile court terminating reunification services.

(Welf. & Inst. Code, §§ 366.21, subd. (f), 395.)[1] Appellant contends: (1) the juvenile court abused its discretion and violated appellant's due process rights when it denied him reunification services pursuant to *Robert L.*[2] and failed to abide by the requirements of section 361.5, subdivision (b)(14); (2) there is insufficient evidence to support the juvenile court's finding that the minor's "injury or detrimental condition . . . would ordinarily not be sustained, except as the result of the unreasonable or neglectful acts or omissions of the parents, [S.E.] and Michael [E.] . . ."; (3) the juvenile court failed to comply with the notice requirements of the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.); (4) the juvenile court's visitation order unlawfully delegated the responsibility for whether or not visitation would occur at all to the Sacramento County Department of Health and Human Services (the Department); and (5) there is insufficient evidence to support the juvenile court's finding regarding appellant's whereabouts and/or identity.

The Department concedes the lack of substantial evidence to support the court's finding as to appellant regarding the cause of the minor's injury or detrimental condition, and further concedes the court erred in finding that appellant's whereabouts and/or identity were unknown.

We will accept the Department's concessions and strike the findings at issue with regard to appellant. We will reverse and remand for further proceedings the court's order of visitation. In all other respects, we will affirm the juvenile court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 18, 2008, the minor, then 16 years old, was placed into protective custody after appellant put him on a plane from San Diego to Sacramento. Airport deputies took the minor to his mother's home. His mother, S.E., dropped him off at a Sacramento youth center claiming he was abusive to her other children and, due to his emotional and behavioral problems, she was unable to care for him.

On November 20, 2008, the Department filed a juvenile dependency petition on behalf of the minor alleging a substantial risk that the minor would suffer serious physical harm or illness due to the failure or inability of the mother to supervise or protect the child adequately. (§ 300, subd. (b).) The petition alleged that the minor's behaviors included running away, suicidal ideations, and threatening to kill his sister and that mother failed or refused to provide adequate care, supervision and protection. (§ 300,

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.
[2] *Robert L. v. Superior Court* (1996) 45 Cal.App.4th 619 [53 Cal.Rptr.2d 41] (*Robert L.*).

subd. (b)(1) (hereafter the (b)(1) allegation).) The petition further alleged that mother was allowing appellant to have unsupervised visitation with the minor despite knowing the court had ordered supervised visitation due to "his physical abuse of the child." (§ 300, subd. (b)(2) (hereafter the (b)(2) allegation).)

At the jurisdictional hearing on February 3, 2009, appellant's counsel requested a waiver of appellant's appearance at both the hearing then taking place and the contested jurisdictional hearing to follow two days later. The court granted the request.

At the contested jurisdictional hearing on February 5, 2009, the court accepted an amendment to the petition, which deleted the (b)(1) and (b)(2) allegations noted above and replaced them with a section 300, subdivision (c) allegation (hereafter section 300(c) allegation), which alleged that the minor's mother was unable to provide for the care, supervision and protection of the minor in that the mother "does not have the necessary skills to parent [the minor] due to the fact that [the minor] is suffering from serious emotional damage evidenced by severe anxiety, depression, withdrawal, and/or untoward aggressive behavior toward self or others." The petition further alleged that the minor had been diagnosed with "Major Depressive disorder," and that his behaviors included running away, suicidal ideations, threatening to kill his sister, and living with appellant "with whom there is a court order for supervised visitation only."

Appellant was absent from the contested jurisdictional hearing but represented by counsel. When asked whether appellant was in agreement with the amended petition, appellant's counsel replied as follows: "I just spoke to the father. He is not in agreement with the resolution or with the new language in the petition, specifically, the language stating that [the minor's] behaviors including [*sic*] residing with the father in Southern California with whom there is a court order for supervised visitation only. [¶] He is [*sic*] asked on his behalf that I obtain a continuance either for him to be present to testify or for me to obtain a declaration which he wishes to have read into the record. [¶] He is also—he believes that information that is in the jurisdictional[/]dispositional report, most of it is false and that its continued promulgation is contributing to [the minor's] problems, and so I am requesting a continuance on his behalf. [¶] *I would also note that he is not able to take [the minor] into his care and custody at this time and is not requesting that he have any services.*" (Italics added.) The court noted appellant's objections, but denied his request for a continuance for lack of good cause.

Mother's counsel provided the court with a waiver of reunification services and confirmed that mother was declining reunification services. The court

found mother's waiver to be knowing, intelligent and voluntary and denied services to her pursuant to section 361.5, subdivision (b)(14). Thereafter, appellant's counsel requested as follows: "Your Honor, I would be requesting that the Court make a finding under *Robert L.*, that my client is a noncustodial parent who is not seeking reunification services at this time." The court responded, "I will order no services to the father under the case of *Robert L.* He is a nonoffending father who's not requesting placement of [the minor] or services."

The juvenile court dismissed the (b)(1) and the (b)(2) allegations for insufficient evidence and sustained the section 300(c) allegations in the petition, as modified, adjudged the minor a dependent child of the court, committed him to the care and custody of the Department for suitable confidential placement, and ordered regular visitation for the mother with the minor. Included in the court's findings was the following: "An injury or detrimental condition sustained by [the minor] is of a nature as would ordinarily not be sustained, except as the result of the unreasonable or neglectful acts or omissions of the parents, [S.E.] and Michael [E.], who has [*sic*] the care or custody of [the minor]." The court's order also included a finding that the "whereabouts and/or identity of the father, Michael [E.], are unknown and a reasonably diligent search has failed to locate the father." With regard to compliance with the ICWA, the court found as follows: "[Appellant] has not examined the [form] ICWA-030 for errors. [¶] Notice requirements pursuant to ICWA have been complied with as to the identified tribes and 60 days have passed. [¶] [The minor] is not an Indian Child as to those tribes. [¶] No further notice need be given to those tribes." The matter was set for annual review pursuant to section 366.3, subdivision (d)(4).

Appellant filed a timely notice of appeal.

## DISCUSSION

### I.–III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### IV. Visitation

██ Appellant contends that the court, in its dispositional order, improperly delegated to the Department the responsibility to determine whether visitation with the minor would occur at all. We agree.

---

*See footnote, *ante*, page 1130.

In fashioning a visitation order, the court may delegate the responsibility of managing the details of visitation—including time, place, and manner—but not the decision whether visitation will occur. (*In re Moriah T.* (1994) 23 Cal.App.4th 1367, 1374 [28 Cal.Rptr.2d 705] (*Moriah T.*).) In *Moriah T.*, this court upheld an order entered at an 18-month review hearing for the father to visit " 'regularly' " with the children " 'consistent with the[ir] well-being . . . and at the discretion of [the social services agency] as to the time, place, and manner.' " (*Id.* at p. 1371.) Because the juvenile court's order mandated regular visitation, the social services agency was not given absolute discretion to decide whether visits would occur. (*Ibid.*) We concluded it was not an improper delegation of authority to allow the social services agency to determine the frequency and length of visits when the order provided for regular visitation. (*Id.* at pp. 1376–1377; but see *In re M.R.* (2005) 132 Cal.App.4th 269, 274–275 [33 Cal.Rptr.3d 629]; *In re Jennifer G.* (1990) 221 Cal.App.3d 752, 757 [270 Cal.Rptr. 326].)

The visitation order in the present matter is problematic for two reasons. First, unlike the order in *Moriah T.*, the order articulated by the court at the hearing provides appellant with supervised visitation and nothing more. Second, the written order, unlike the order in *Moriah T.*, provides for visitation "as frequent as is consistent with the well-being of [the minor]," with all other conditions, including determinations regarding time, place and manner, and frequency and length of visits, left to the discretion of the Department.

At the conclusion of the contested jurisdictional hearing, the court adopted the Department's recommendations regarding visitation as to the mother.[4] The court then stated that, "[w]ith regard to the father's visits, those will be supervised only at this point."

The court's minute order following the hearing states as follows with respect to visitation: "The father shall have supervised visitation with [the minor] as frequent as is consistent with the well-being of [the minor]. [The Department] shall determine the time, place and manner of visitation, including the frequency of visits, length of visits, and by whom they are supervised.

---

[4] The court referenced page 24 of the December 16, 2008 jurisdiction/disposition report, which states as follows: "The parent, [S.E.], shall have regular visitation with [the minor], consistent with [the minor's] well[-]being. [The Department] shall determine the time, place and manner of visitation, including the frequency of visits, length of visits, and whether the visits are supervised and who supervises them. The Department's discretion shall extend to determining if and when to begin unsupervised overnight and weekend visits. The parents [*sic*] shall not be under the influence of alcohol or controlled substances during visits and if found to be so, that visit shall be terminated. The Department may consider [the minor's] desires in its administration of the visits, but [the minor] shall not be given the option to consent to, or refuse, future visits."

[The Department] may consider [the minor's] desires in its administration of the visits, but [the minor] shall not be given the option to consent to, or refuse, future visits. Parent/guardian shall not be under the influence of alcohol or controlled substances during visits. If found to be, that visit shall be terminated."

■ The oral pronouncement regarding appellant's visitation is inconsistent with the visitation provision set forth in the written order. "It may be said . . . as a general rule that when, as in this case, the record is in conflict it will be harmonized if possible; but where this is not possible that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to the greater credence [citation]. Therefore whether the recitals in the clerk's minutes should prevail as against contrary statements in the reporter's transcript, must depend upon the circumstances of each particular case." (*In re Evans* (1945) 70 Cal.App.2d 213, 216 [160 P.2d 551].) Such error may be corrected at any time. (*People v. Smith* (1983) 33 Cal.3d 596, 599–600 [189 Cal.Rptr. 862, 659 P.2d 1152].)

Here, the oral pronouncement of the visitation order, which is vague, cannot be reconciled with the court's written order, which calls for visitation but fails to set a minimum number of visits or provide that appellant could visit the minor "regularly." (*Moriah T., supra,* 23 Cal.App.4th at p. 1371.) Given the lack of necessary detail in the oral pronouncement and the improper delegation of authority to the Department regarding whether visitation would occur at all in the written order, we must remand for further proceedings at which the juvenile court shall clarify the terms and conditions applicable to appellant's visitation, including, but not limited to, a minimum number of visits or that visitation is to occur regularly.

### V. Court's Erroneous Finding re: Appellant's Whereabouts[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The court's finding that the minor's "injury or detrimental condition . . . would ordinarily not be sustained, except as the result of the unreasonable or neglectful acts or omissions of" appellant is stricken, as is the court's finding that "[t]he whereabouts and/or identity of the father, Michael [E.], are unknown and a reasonably diligent search has failed to locate the father."

[*]See footnote, *ante,* page 1130.

We reverse the court's order of visitation as to appellant and remand for further proceedings consistent with part IV. of this opinion.

In all other respects, the juvenile court's jurisdictional findings and dispositional order are affirmed.

Sims, Acting P. J., and Cantil-Sakauye, J., concurred.