Filed 12/3/15  In re Marvin A. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re Marvin A., a Person Coming Under the Juvenile Court Law. | B262999 (Los Angeles County Super. Ct. No. CK85110) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> Marvin A., Sr., <br><br> Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Rudolph A. Diaz, Judge.  Reversed and remanded with directions.

Robert McLaughlin, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, Interim County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Peter Ferrera, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for Minor.

* * * * * *

The sole question on appeal is whether a juvenile court order placing a child with a legal guardian and granting the child's father "[m]onitored visitation as arranged with Legal Guardian . . . at least once per month" constitutes an excessive delegation of the court's "'power to regulate visitation between minors determined to be dependent children . . . and their parents . . . .' [Citation.]" (*In re S.H.* (2011) 197 Cal.App.4th 1542, 1557.) We conclude that it is, and reverse.

**FACTUAL AND PROCEDURAL HISTORY**

In November 2010, the Los Angeles County Department of Children and Family Services (Department) filed a petition imploring the juvenile court to exert dependency jurisdiction over then-18-month-old Marvin A. and two of his half-siblings. As against Marvin A., Sr. (father),[1] the court sustained allegations that he was unable to provide regular care to Marvin due to his history of substance abuse and criminal behavior and his failure to provide Marvin with the necessities of life within the meaning of Welfare and Institutions Code section 300, subdivisions (b) and (g).[2] Over the next several years, Marvin was placed with his mother, with his maternal grandmother, with his paternal aunt and uncle, and finally with his half-sister Jacqueline C.

After the juvenile court terminated father's reunification services in September 2014, the court in March 2015 held a permanency planning hearing under section 366.26. Father had not visited Marvin for six months, and did not attend the hearing. However, father's counsel requested weekly visitation rights, while Marvin's attorney and Jacqueline requested monthly visitation. The court terminated dependency jurisdiction over Marvin, appointed Jacqueline as Marvin's legal guardian, and ordered that father have "monitored visitation as arranged with [Jacqueline]" "at least once per month."

---

[1]   There were also allegations against mother and the father of the two half-siblings. None of these other parties is a party to this appeal.

[2]   Unless otherwise indicated, all further statutory references are to the Welfare & Institutions Code.

2

Father timely appeals.

## DISCUSSION

When a juvenile court places a child under its dependency jurisdiction with a legal guardian as part of a permanent plan for that child, the court is also required to "make an order for visitation with the parents . . . unless the court finds by a preponderance of the evidence that the visitation would be detrimental to the physical or emotional well-being of the child." (§ 366.26, subd. (c)(4)(C).) We review visitation orders for an abuse of discretion. (*In re S.H.*, *supra*, 197 Cal.App.4th at pp. 1557-1558.) Father argues that the juvenile court abused its discretion in making the visitation order in this case because the order specifies only the frequency of visits, but not their duration; in so doing, father contends, the court granted Jacqueline the power to limit any visits to mere minutes and thus impermissibly granted her the power to determine whether visitation occurs *at all*.

Because "the power to decide whether *any* visitation occurs belongs" by virtue of section 366.26, subdivision (c)(4)(C) "to the [juvenile] court alone" (*In re S.H.* (2003) 111 Cal.App.4th 310, 317), there are limits on what a juvenile court may delegate to others when it comes to visitation. A juvenile court may permissibly delegate "the ministerial tasks of overseeing the [visitation] right as defined by the court" (*In re Jennifer G.* (1990) 221 Cal.App.3d 752, 757 (*Jennifer G.*)), and thus may permit others—social workers, guardians, or therapists—to manage the "actual details of the visits, including . . . determin[ing] the time, place and manner in which visits should occur." (*In re S.H.*, 111 Cal.App.4th at p. 317; *In re M.R.* (2005) 132 Cal.App.4th 269, 274 (*M.R.*); *In re Randalynne G.* (2002) 97 Cal.App.4th 1156, 1164, superseded on other grounds by § 366.26, subds. (c)(4)(A) & (c)(4)(B) (*Randalynne G.*); *In re Moriah T.* (1994) 23 Cal.App.4th 1367, 1374 (*Moriah T.*); *In re Christopher H.* (1996) 50 Cal.App.4th 1001, 1008-1009 (*Christopher H.*).) However, if the court's visitation order—either expressly or in effect—grants a third party the power to control "whether any visitation will occur" *at all*, such a grant renders the court's visitation order "illusory"; in such instances, the

3

court has impermissibly "abdicated" its statutory duty to fix visitation. (*In re S.H.*, 111 Cal.App.4th at pp. 317-319; *In re Julie M.* (1999) 69 Cal.App.4th 41, 48-49 (*Julie M.*).)

The line between permissible delegation and impermissible abdication depends in part upon the identity of the delegate. A juvenile court has broader discretion when delegating visitation details to social workers because they are obligated to "act[] as an arm of the court in the best interests of the minor" (*In re Danielle W.* (1989) 207 Cal.App.3d 1227, 1234 (*Danielle W.*)) and are also more "accountable to the court." (*Randalynne G.*, *supra*, 97 Cal.App.4th at p. 1166.) Thus, while a juvenile court cannot leave it entirely to the Department to decide whether visitation will occur (*Jennifer G.*, *supra*, 221 Cal.App.3d at pp. 755-757; *Danielle W.*, at p. 1237 ["a visitation order granting the Department *complete* and *total discretion* to determine whether or not visitation occurs would be invalid"]; but see *id.* at pp. 1236-1237 [upholding order leaving "[v]istation . . . at [the Department's] discretion . . ."]), it may leave it to the Department to ensure "regular[]" visits (*Moriah T.*, *supra*, 23 Cal.App.4th at pp. 1371, 1375-1377) or "reasonable visits" (*Christopher H.*, *supra*, 50 Cal.App.4th at pp. 1008-1010).

A juvenile court's power to delegate to private parties—be they legal guardians, therapists, or dependent children—is far more limited. As a general matter, the court's order in such circumstances must generally fix both the frequency and duration of the visits; only the remaining details may be delegated. (See *M.R.*, *supra*, 132 Cal.App.4th at pp. 272-274 [impermissible to leave visitation to the "legal guardians at their discretion"]; *Randalynne G.*, *supra*, 97 Cal.App.4th at p. 1163 [impermissible to leave "visitation . . . as directed by the legal guardian"]; *In re Rebecca S.* (2010) 181 Cal.App.4th 1310, 1314 (*Rebecca S.*) [impermissible to leave "(d)uration, frequency and location (of visitation)" to the legal guardian]; *In re Donnovan J.* (1997) 58 Cal.App.4th 1474, 1476 [impermissible to delegate visitation to therapist]); *In re S.H.*, *supra*, 111 Cal.App.4th at pp. 313, 318-319 [impermissible to give children "veto power" over visitation]; *Julie M.*, *supra*, 69 Cal.App.4th at pp. 48-49 [same]; cf. *In re Grace C.* (2010)

4

190 Cal.App.4th 1470, 1477-1479 [permissible to leave guardian discretion to expand visits, following a detailed initial visitation order].)

Under this precedent, the juvenile court's visitation order in this case falls on the impermissible abdication side of the line. The order sets a minimum frequency of "at least once per month," but leaves it entirely to Jacqueline, Marvin's legal guardian, to "arrange[]" the minimum duration of that visit and all other details. Under the order's plain language, Jacqueline has the power to "arrange" for each monthly visit to last two minutes, thereby rendering the juvenile court's visitation order illusory. This is not a case where we can look to a history of visitation as a baseline; if anything, the record reveals a degree of acrimony between Jacqueline and father. What is more, Jacqueline is a private party under no special duty of good faith to the juvenile court.

The Department offers three arguments in defense of the juvenile court's visitation order—one substantive, and two procedural. Substantively, the Department contends that any possibility that Jacqueline might misuse her discretion is, at this point in time, wholly speculative. But, as the above cases striking down visitation orders indicate, the validity of the juvenile court's visitation order turns on whether the order constitutes an improper delegation in the first place, not whether that delegation might later be abused.

Procedurally, the Department asserts that we need not reach this issue. The Department observes that father never objected to the visitation order before the juvenile court, but the question of overbroad delegation is largely a question of law resting on undisputed facts; further, it is a question that appellate courts have many times reviewed for the first time on appeal. (E.g., *Rebecca S.*, *supra*, 181 Cal.App.4th at p. 1313; *M.R.*, *supra*, 132 Cal.App.4th at p. 272.) Relatedly, the Department notes that there is no need to reach this issue now because father can seek to redress any future denial of visitation rights by Jacqueline through the juvenile court's continuing jurisdiction over the guardianship. (§ 366.4, subd. (a); *In re Twighla T.* (1992) 4 Cal.App.4th 799, 806.) However, for the reasons explained above, father's power to seek redress in the future does not alter the fact that the court's visitation order is presently invalid.

5

## DISPOSITION

The visitation order is reversed, and the case remanded with directions to specify both the frequency and duration of father's visits.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____
HOFFSTADT, J.

We concur:

_____
BOREN, P. J.

_____
ASHMANN-GERST, J.