Filed 7/23/21  In re A.B. CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re A.B., a Person Coming Under the Juvenile Court Law. | |
| ALAMEDA COUNTY SOCIAL SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>v.<br>B.B.,<br><br>        Defendant and Appellant. | A161423<br><br>(Alameda County<br>Super. Ct. No. JD-031371-01) |

In this dependency action, B.B. (Mother) appeals the juvenile court's order regarding visitation with her daughter, A.B. (Minor).  We affirm.

BACKGROUND

We recite only the background facts relevant to the narrow issues presented in this appeal.  In 2019, the Alameda County Social Services Agency (Agency) filed a Welfare and Institutions Code section 300 petition regarding Minor, then 12 years old.[1]  Minor was detained and placed in foster

---

[1] All undesignated section references are to the Welfare and Institutions Code.

1

care; Mother was provided with 12 months of reunification services but was unable to reunify.

On November 13, 2020, at the conclusion of the contested 12-month review hearing, the juvenile court terminated Mother's reunification services. Along with other orders issued at the same time as the termination order, the court ordered "[v]isitation between the child and the mother . . . as frequently as possible consistent with the child's well-being . . . ." The court ordered a permanent plan of legal guardianship and set a six month dependency status review hearing.

DISCUSSION

I. *Notice of Appeal*

Mother's opening brief challenges the visitation order only. The Agency argues Mother failed to sufficiently identify this order on her notice of appeal. Mother's notice of appeal identifies the date of the appealed-from order as November 13, 2020, and identifies the order as "terminating family reunifications services to the mother."

"The notice of appeal must be liberally construed." (Cal. Rules of Court, rule 8.100(a)(2).) "Liberal construction is particularly appropriate here because the [order identified in the notice of appeal] and [the order challenged on appeal] were rendered simultaneously on . . . the date specified in the notice of appeal . . . and are reflected . . . in a single written order." (*In re Daniel Z.* (1992) 10 Cal.App.4th 1009, 1017 [construing notice of appeal that specified only the jurisdictional order as also specifying the dispositional order].) The visitation order issued on the same date as and simultaneously with the termination order, both are reflected in the same written minute order, and the date of both orders was specified in the notice of appeal. We will liberally construe the notice of appeal as specifying the visitation order.

II.     *Visitation Order*

Mother argues the juvenile court impermissibly delegated decisions about visitation to the Agency. Mother concedes that she failed to object to the visitation order below. "A party forfeits the right to claim error as grounds for reversal on appeal when he or she fails to raise the objection in the trial court. [Citations.] Forfeiture, also referred to as 'waiver,' applies in juvenile dependency litigation and is intended to prevent a party from standing by silently until the conclusion of the proceedings." (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 221–222.)

Even if we were to consider the forfeited claim, we would reject it. "[T]he juvenile court may delegate to the probation officer or social worker the responsibility to manage the details of visitation, including time, place and manner thereof. . . . Only when a visitation order delegates to the probation office or county welfare department the absolute discretion to determine whether any visitation occurs does the order violate the statutory scheme and separation of powers doctrine." (*In re Moriah T.* (1994) 23 Cal.App.4th 1367, 1374.) The court ordered visitation with Mother "as frequently as possible consistent with the child's well-being." The court did not delegate *absolute* authority over visitation, but only discretion as to its timing. This was a proper exercise of the court's authority. (*In re Moriah T.,* at pp. 1374–1375.) Notably, this discretion was delegated to the Agency, which " 'acts as an arm of the court in the best interests of the minor.' " (*Id.* at p. 1374.) Mother's reliance on cases disapproving of judicial delegation of authority to private parties is therefore inapposite. (See *In re Donnovan J.* (1997) 58 Cal.App.4th 1474, 1475 [visitation improperly delegated to the minors' therapists]; *In re T.H.* (2010) 190 Cal.App.4th 1119, 1121 [the father's visitation improperly delegated to the mother]; *In re Rebecca S.* (2010) 181

3

Cal.App.4th 1310, 1312 [visitation improperly delegated to the minors' legal guardian].)

We note that the juvenile court's disposition order also ordered visitation with Mother "as frequently as possible consistent with the child's well-being," and Mother does not suggest the Agency denied her visitation outright or otherwise abused this discretion. Should visitation problems arise going forward, Mother can bring them to the juvenile court's attention with a section 388 petition. (*In re Moriah T.*, *supra*, 23 Cal.App.4th at p. 1377 ["if the agency is abusing its responsibility in managing the details of visitation, the parent or guardian may bring that matter to the attention of the juvenile court by way of a section 388 petition to modify the visitation order"].)

DISPOSITION

The order is affirmed.

_____

Simons, Acting P. J.


WE CONCUR:


_____

Burns, J.


_____

Rodriguez, J.*


A161423


_____

  * Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.