Filed 12/18/24  L.G. v. Superior Court CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| L.G.,<br><br>     Petitioner,<br><br>v.<br><br>SUPERIOR COURT FOR THE COUNTY OF MARIN,<br><br>     Respondent;<br><br>MARIN COUNTY HEALTH AND HUMAN SERVICES, et al.,<br><br>     Real Parties in Interest. | A171065<br><br>(Marin County<br>Super. Ct. No. JV27156A) |

In this juvenile dependency proceeding, L.G. (Father) seeks extraordinary writ review (Cal. Rules of Court, rule 8.452) of an order setting a permanency planning hearing under Welfare and Institutions Code section 366.26 in regard to his son, T.G. (the minor).[1]  Father contends the juvenile court did not ensure that Father had visitation with the minor, should not have found that real party in interest Marin County Health and Human Services (Department) made reasonable efforts to maintain the minor's

---

[1]     Unless otherwise indicated, all statutory references are to the Welfare and Institutions Code, and all rule references are to the California Rules of Court.

relationship with Father, and improperly delegated discretion to the Department regarding visitation.  Father's arguments are meritless, and we will deny the petition.

## I.  FACTS AND PROCEDURAL HISTORY

A summary of the facts and earlier proceedings in this matter are set forth in our opinions in Father's prior appeals (e.g., Case Nos. A168832/A169980, A167431).  Here, we only set forth matters of more recent relevance to Father's current writ petition.

### A.  Prior Section 366.3 Hearings

Due to Father's ongoing failure to abide by the expectations for visitation, the Department paused his contact with the minor on June 12, 2023, until Father met with the social worker to review visit expectations and express a commitment to them.  Father refused to meet because he did not believe there were any issues to discuss and because he felt unfairly blamed, so his visits remained paused.  As a further consequence of Father violating visit expectations, resisting redirection, being argumentative, and putting the minor in the middle of those arguments, the Department asked the juvenile court to reduce the frequency of visits once they resumed.

#### 1.  July 2023 Section 366.3 Hearing

At the section 366.3 hearing on July 25, 2023, Father did not appear. County Counsel advised that the Department continued to reach out to Father to work with him so visits could resume, but he had not responded. According to Father's attorney, Father was uncomfortable meeting at the Department and preferred at another location or a phone call.

The juvenile court granted the Department's request to reduce visits to two times per month, for a total of two hours per month, expressing its "concern[] about the negative messaging constantly coming from [F]ather."

2

The court also ordered supervised phone calls once a week for a total of 15 minutes. The orders after hearing, which tracked the case plan in the Department's reports, further stated that "[t]he Department has the discretion to increase or decrease the frequency and length of visitation, as well as the nature of supervision (supervised, unsupervised, therapeutic, etc.), based on the parents' attendance, quality of visitation, and the child's medical and emotional needs, with 72-hour notice to minor's counsel." The court found that the Department had "made efforts to maintain the child's relationships with the individuals who are important to the child, consistent with the child's best interest." Father appealed from this July 2023 order (Case No. A168832).

2. January 2024 Section 366.3 Hearing

The minor was scheduled to be "stepped down" from his Short-Term Residential Therapeutic Program (STRTP) placement in December 2023 and placed with his adult half-sibling. Meanwhile, visits between Father and the minor remained paused because Father continued to refuse to meet with the social worker at the Department.

The Court Appointed Special Advocate (CASA) stated that the minor's placement with his half-sibling was a very positive development and that the minor's attitude had improved since he began spending time with the half-sibling and not with Father.

At the section 366.3 hearing on January 23, 2024, County Counsel explained the Department's practice of meeting with parents at its office for safety reasons and noted Father's history of becoming extremely angry with the social worker. The juvenile court encouraged Father to meet with the social worker and declined to order that the meeting be outside the Department's office. The court ordered two visits per month and one

3

supervised phone call per week, recognizing that visits were paused due to ongoing issues with Father not meeting visit expectations. The court granted the Department discretion to increase or decrease the frequency and length of visits, and adjust the nature of supervision, based on the parents' attendance, the quality of the visits, and the minor's medical and emotional needs. The court further found that the Department had made efforts to maintain the minor's relationships with the persons who were important to him, consistent with the minor's best interest.

Father timely filed a timely notice of appeal from the January 2024 order (Case No. A169980). We consolidated Case Nos. A168832 and A169980. In those appeals, Father argued – as he does here – that the juvenile court improperly delegated discretion to the Department regarding visitation, failed to enforce its visitation orders, and erred in finding that the Department made adequate efforts to maintain the minor's important relationships. We found no merit in Father's arguments and affirmed the orders.

B. July 2024 Section 366.3 Hearing

The third section 366.3 hearing, at issue here, was held in July 2024. In its report for the hearing, the Department advised that the minor continued to reside with his adult half-sibling, who was committed to providing the minor with a home and wanted to adopt him. The minor had no worries or concerns about his placement and wanted to live there permanently. The Department recommended that a section 366.26 hearing be set to proceed with the adoption.

The Department further reported that on March 13, 2024 – roughly nine months after visits were paused – Father finally contacted the social worker to set a date and time to speak about resuming visits. At a meeting

4

at the Department's office on April 3, 2024, the social worker attempted to review the visitation expectations and guidelines with Father. But throughout the meeting, Father pushed back. He did not want to enter a meeting room to talk. He refused to sit down. He disputed nearly every point of the visit protocols. He interrupted, raised his voice, and used profanity. He rebuffed all feedback about his behavior with anger and denial. Although he eventually signed his agreement to the protocols, he did so only after he was told that visits would not resume without it.

Despite its concerns about Father's anger and inability to receive feedback or redirection, the Department offered Father a supervised (15-minute) phone call with the minor each month. The plan was for Father to demonstrate that he could act appropriately with the minor in a highly-structured setting so that in-person visits could resume. Calls were held on April 25, 2024, and May 30, 2024.

At the section 366.3 hearing on July 16, 2024, the Department reiterated its request for a permanency planning hearing under section 366.26. Father's counsel requested a postponement of such a hearing pending the outcome of his appeals, objected to visitation being only one phone call per month, and asked that it be increased to once per week.

The juvenile court set a section 366.26 hearing for November 12, 2024. The court found that out-of-home placement is necessary and in the minor's best interests, that the case plan is appropriate, that the Department had complied with the case plan, and that the Department made efforts to "maintain the minor's relationship with individuals who are important to the minor, consistent with the minor's best interests." The court found that it was appropriate for the minor to remain in foster care with a permanent plan of adoption.

5

The juvenile court ordered visitation for Father consistent with the recommendations in the Department's JV-400 form. The JV-400 form provided for supervised visits for Father once per month (for an hour) but further provided: "Given [Father's] behavior, specifically his inability to control his anger and to take any feedback or redirection, the Department is currently offering [Father] a monthly supervised phone call (15 minutes) between him and his son. The Department has provided [Father] an opportunity to demonstrate his ability to be appropriate while interacting with his son in a highly structured manner. Should [Father] demonstrate that he can follow all visitation expectations while visiting with this son, over a period of several months, the Department will offer [Father] supervised in-person visitation with [the minor] once a month, for a total of one hour per month." The order again gave the Department discretion to increase or decrease the frequency and length of visitation, as well as the nature of supervision, based on the parents' attendance, the quality of visitation, and the minor's medical and emotional needs. The court also stated at the hearing that an increase in visitation would be "something the Department can consider" and suggested that the parties "meet and confer regarding any expansion of visitation."

Father filed a petition under rule 8.452, challenging the juvenile court's order of July 2024. We issued an order to show cause why the petition should not be granted, and we received a letter from the Department opposing the petition and representing that the section 366.26 hearing had been continued to January 14, 2025.

## II. DISCUSSION

Father argues that, for the reasons asserted in his consolidated appeals from the section 366.3 orders of July 2023 and January 2024 (Case Nos.

6

A168832/A169980), we should reverse the section 366.3 order of July 2024, including the setting of the section 366.26 hearing. His arguments are meritless.[2]

A. <u>No Rule 8.452 Relief</u>

In the first place, while Father purports to file his petition under rule 8.452, he offers no argument why he might be entitled to the relief afforded by that rule. The sole purpose of rule 8.452 is to determine whether the juvenile court should have set a section 366.26 hearing. (Rules 8.450, 8.452.) Such a hearing may be improvident if, for example, reasonable services had not been provided or services should have been extended, but both of those issues were resolved by the 12-month review order that we affirmed months ago in Case No. A167431. At the July 2024 hearing, Father did not lodge any substantive objection to setting the section 366.26 hearing. In his writ petition, he asserts error only as to visitation and the court's finding under section 366.3, subdivision (e), without explaining how that could have rendered erroneous the setting of a hearing under section 366.26 or could lead to relief under rule 8.452.

Because Father has failed to demonstrate entitlement to relief under rule 8.452, his petition may be denied or dismissed on that ground alone. We will nonetheless consider his arguments to confirm that they do not entitle him to any relief at all.

---

[2] Father also requested a stay if this matter could not be decided by November 11, 2024, because the section 366.26 hearing was set to begin on November 12, 2024. In light of the postponement of the section 366.26 hearing to January 14, 2025, we deny the stay request as moot.

B.  <u>No Abuse of Discretion in Visitation Order</u>

Father argues that the juvenile court's "failure to ensure that visitation and contact was facilitated – based on a stand-off between the social worker and [Father] – was an abuse of discretion."

The argument is unpersuasive.  The situation was not a "stand-off" between Father and the Department.  It was Father refusing to comply with the Department's reasonable request that he meet and agree to visit expectations – none of which he has challenged – even after the juvenile court approved the pause in visitation pending his agreement and encouraged Father to comply.  To the extent that Father is arguing that the court should not have approved the pause in visitation, his arguments were raised and rejected in Case Nos. A169980/A168832.

Father further contends the juvenile court abused its discretion by not requiring an increase in visitation after the social worker and Father met. He argues that "the phone call cannot be sufficient contact between the minor and [Father]."

We disagree.  The Department's account of what Father did at the April 2024 meeting provided substantial evidence justifying the Department's approach to restoring the connection between Father and the minor.  Father fails to demonstrate an abuse of discretion.

C. <u>Important Relationships</u>

The juvenile court found, under section 366.3, subdivision (e)(3), that the Department had made efforts to maintain the minor's relationships with persons important to the minor, consistent with the minor's best interest. Father contends that he is a person important to the minor and that his lack of contact with the minor undermines the court's finding.  He notes that he had no contact with the minor between June 12, 2023 and April 25, 2024, and

8

that he had just two phone calls with the minor between April 25, 2024, and the date of the status review report in July 2024. He argues that two 15-minute phone calls after months without visitation is not reasonable to maintain their relationship. He also claims that, for essentially the same reason, no substantial evidence supports a finding that adequate services were provided to the minor (§ 366.3, subd. (e)(6)).

Father's arguments are untenable. First, he refers us to the status review report of July 2, 2024, but he fails to cite to the record in this proceeding. (Rule 8.452(b).)

Second, a reasonable inference from the evidence is that the absence of contact between Father and the minor falls squarely on Father's shoulders. Father does not identify anything unreasonable about the visit protocols required by the Department. The meeting to discuss the protocols was reasonably necessary before in-person visits could resume because of numerous incidents, some of which appeared to affect the minor adversely. Father nonetheless refused to meet with the Department to discuss those protocols, asserting that he should not be blamed for anything. Despite the juvenile court's urging and the Department's efforts, Father did not meet with the Department at its offices or agree to visit expectations for approximately nine months. There was nothing insurmountable about meeting at the Department, because he eventually did so. And when he finally met with the social worker, his antics justified the Department's cautious approach of starting with just one phone call per month. Under the circumstances, including that reunification services had already been terminated, the Department's efforts to maintain contact between the minor and Father were reasonable. Thus, even if Father is an "important person" to the minor within the meaning of section 366.3, Father has not demonstrated

9

that the court's finding was erroneous. Furthermore, substantial evidence supports the conclusion that the Department provided adequate services to the minor, not only by maintaining contact with persons important to him, but by facilitating his placement with his prospective adoptive parent and arranging for services.

D. Judicial Delegation

Father maintains that the form of visitation order in this case constitutes an improper judicial delegation. He incorporates his arguments in the consolidated appeals (Case Nos. A168832/A169980), insisting that the authority granted to the Department "crossed the line from delegation of the management of the 'ministerial' aspects of 'time, place, and manner' of visitation to discretion to veto whether visitation and contact would occur at all." To the extent Father reiterates the arguments made in Case Nos. A168832/A169980, we find those arguments unavailing for the reasons set forth in our opinion in those consolidated appeals.

Father also argues that "giving the department discretion over an order as vague as whether [F]ather 'can follow all visitation expectations while visiting with his son, over a period of several months' was improper judicial delegation."

His argument is meritless. First, his challenge is forfeited because he does not point to anywhere in the record where he disagreed with this language in the order.

Second, his challenge is abandoned and unpersuasive because he does not explain why the language he now attacks in the order is not sufficiently certain, he fails to cite any legal authority suggesting the language is not certain enough, and he does not explain why the cases he cited in his

10

appellate briefs in Case Nos. A168832/A169980 apply to this new language in the July 2024 order.

Third, on the merits, Father fails to show that the juvenile court improperly granted discretion to the Department. The court may delegate the management of visitation details to the social worker. (*In re Moriah T.* (1994) 23 Cal.App.4th 1367, 1374 (*Moriah T.*).) These details include the time, place, and manner of visits, which includes the frequency and length of visits. (*Id.* at p. 1376; *In re Jennifer G.* (1990) 221 Cal.App.3d 752, 757.) Indeed, "[o]nly when a visitation order delegates to the probation office or county welfare department the *absolute* discretion to determine whether *any* visitation occurs does the order violate the statutory scheme and separation of powers doctrine." (*Moriah T.*, at p. 1374, italics added; cf. *In re D.N.* (2022) 14 Cal.5th 202, 212-215.)

Here, the July 2024 order required contact by phone once per month and paved the way for a return to in-person visits. The juvenile court ordered that, if Father "demonstrate[s] that he can follow all visitation expectations while visiting with this son, over a period of several months, the Department *will* offer [Father] supervised in-person visitation with [the minor] once a month, for a total of one hour per month." (Italics added.) The Department is in the best position to evaluate, in the first instance, whether Father is demonstrating that he can follow visit expectations, and its assessment was subject to judicial review. Although Father might eventually disagree with how the Department exercises its discretion, that does not mean the court improperly relinquished its authority to the Department. Father fails to establish that the order is erroneous.

## III. DISPOSITION

The petition is denied.  Because the section 366.26 hearing is set for January 14, 2025, our decision is final as to this court immediately.  (Rules 8.452(i) & 8.490(b)(2)(A).)

CHOU, J.

WE CONCUR:


SIMONS, ACTING P.J.
BURNS, J.

*L.G. v. Superior Court for The County of Marin (*A171065*)*