Filed 8/10/22  In re I.H. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re I.H., a Person Coming Under the Juvenile Court Law. | C095124 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>F.T.,<br><br>Defendant and Appellant. | (Super. Ct. No. JD234291) |

F.T. (mother) appeals from the juvenile court's visitation orders made regarding the minor I.H., following mother's request under Welfare and Institutions Code section 388 to remove I.H. from the legal guardian.[1]  Despite her failure to object below, mother contends the juvenile court erred in granting the legal guardian the discretion to

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

determine whether mother's visits needed to be supervised. Because the factual issues are undisputed and this matter concerns only an issue of law, we exercise our discretion to reach the merits and conclude the court did not err. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 28, 2014, the Sacramento County Department of Child, Family and Adult Services (Department) filed a section 300 petition on behalf of the seven-year-old minor, alleging the minor came within the provision of section 300, subdivisions (a) (serious physical harm), (b) (failure to protect), and (g) (no provision for support). The petition alleged that mother hit the minor on the head (causing injury), was arrested and charged with felony child endangerment, and failed to arrange for care and custody of the minor during her incarceration. On January 29, 2014, the juvenile court ordered the minor detained and ordered supervised visitation for mother upon her release from incarceration. On March 14, 2014, the Department filed an amended petition in the juvenile court adding allegations that mother and father engaged in domestic violence and that father had a substance abuse problem.

On April 10, 2014, the matter came before the juvenile court for a jurisdiction hearing; the court found the petition true as to section 300, subdivisions (a) and (b)(1), that mother had nonaccidentally inflicted serious physical harm upon I.H. At the disposition hearing on April 11, 2014, the court found the Department had established by clear and convincing evidence that, despite reasonable efforts, the minor's care and protection required that she be removed from parental custody, declared a dependent of the juvenile court, and placed under the supervision of the Department. The court ordered that mother receive a period of family reunification services and visitation. The minor had regular, supervised visits with mother once a week for one hour.

On October 31, 2014, the juvenile court held a six-month review hearing, and mother appeared with trial counsel. On November 3, 2014, the court held a contested six-month review hearing at which mother failed to appear. There, the court found that

2

despite the provision of reasonable services, mother had failed to ameliorate the conditions which led to the minor's removal. The court ordered mother receive an additional period of family reunification services and visitation.

On March 23, 2015, the Department prepared a permanency report for the minor. It was reported that the minor remained with the paternal uncle and had adjusted well to the placement. The minor continued to regularly visit with mother for one hour per week but reportedly experienced difficulty after visits as mother was often insensitive to the child's emotions. Mother was not permitted to have unsupervised telephonic visitation due to her failure to maintain appropriate boundaries with the minor.

On May 13, 2015, the juvenile court held a contested 12-month review hearing. The court found that despite the provision of reasonable services, mother had failed to qualify herself for I.H.'s return and that, even with additional services, mother was unlikely to be able to do so within the next six months. The court terminated family reunification services and set the matter for a section 366.26 hearing. The court continued regular supervised visitation for mother twice per month.

In September 2015, the Department filed a section 366.26 selection and implementation report recommending the minor be placed under the legal guardianship of the paternal uncle. Following a section 366.26 hearing on October 7, 2015, the court did so.

Thereafter, mother filed a series of section 388 petitions, all of which were denied.[2] As relevant here, on April 22, 2021, mother filed another section 388 petition

---

[2] On June 8, 2016, mother filed a section 388 petition for modification seeking to undo the guardianship and have the minor returned to her care; the juvenile court denied the petition without a hearing. Mother immediately filed another section 388 petition, which was also denied without a hearing. On December 23, 2016, mother filed a section 388 petition asking that the guardianship be terminated and the minor returned to mother's care. Following a hearing, the court denied the petition but modified mother's visits to supervised visitation once per month and supervised telephonic contact once per week.

seeking termination of the guardianship and placement of the minor in her paternal grandmother's care. The Department recommended denial of the request to modify visitation and granting of the request to place the minor into a new guardianship with the grandmother. At a June 23, 2021 hearing, the juvenile court followed the Department's recommendation. Mother's visitation remained at once per month supervised in-person visits of one hour.

On September 2, 2021, mother filed the section 388 petition that is the subject of this appeal, seeking reunification with the minor. She claimed the grandmother had failed to care for and protect the child. Mother reported that she was sober, had stable housing, and was committed to appropriately caring for the minor. The grandmother complained that mother had called the police several times requesting they conduct a welfare check at her residence. During one of these law enforcement welfare checks the father, who was the subject of a restraining order by the grandmother, was found present in the family home. The grandmother reported observing no incidents of concern between father and the minor, and she intended to remove the restraining order. The minor reported that she enjoyed seeing mother but denied wishing to reunify with her and wanted to continue to stay with the grandmother; however, she felt unsafe when father was there.

---

On September 14, 2017, mother filed a section 388 petition, seeking to modify the prior visitation order and the guardianship; it was denied. On May 30, 2018, mother filed a section 388 petition seeking unsupervised and greater amounts of visitation. Shortly thereafter, mother was arrested, convicted, and incarcerated on misdemeanor drunk driving and felony assault charges. The court denied the section 388 petition without a hearing. On July 12, 2019, following her release from custody, mother filed another section 388 petition seeking modification of visitation orders; the court denied that petition. On August 13, 2019, mother filed a section 388 petition seeking the minor's return to her care; the court denied the petition. On August 13, 2020, mother filed a section 388 petition seeking modification of visitation orders that was again denied. On November 30, 2020, mother filed a section 388 petition asking that visitation be unsupervised and more frequent; the petition was denied.

4

On October 20 and 27, 2021, the juvenile court held a hearing on the petition and heard argument from mother's counsel, who contended that the grandmother had been allowing father to stay at the family home and have unauthorized access to the minor. Counsel contended that "father has been allowed significant access to [the minor], despite losing custody and being bypassed for services, having a significant criminal history, and that there's been restraining orders against him." Counsel contended that this represented a change of circumstance and that the minor's best interests required the termination of the guardianship and a return to mother's custody.

The Department argued that there was not sufficient evidence of a change in circumstances. However, the Department recommended that mother's visitation be modified to "unsupervised" at the discretion of the legal guardian. The juvenile court found that mother had made a prima facie showing of new evidence due to the fact that father had been in the family home. However, the court found that mother had failed to make a prima facie showing that returning the minor to her care and custody would be in the minor's best interest, noting that the grandmother had been authorized to supervise father's visitation and that no showing had been made that the minor was at risk from father's presence in grandmother's home. As to the issue of supervised versus unsupervised visitation with mother, the court noted: "I think that the guardian can make the determination of whether or not those visits need to be supervised or unsupervised, in light of the child's wishes." The court modified mother's visitation order as follows: "Supervised at the discretion of the guardian, a minimum of 1 time per month for a minimum of 1 hour as arranged by the guardian. Supervision if designated, shall be as arranged by the guardian with the guardian not to supervise the visits and with the mother to pay the cost if agency supervision is needed." Mother did not object to the visitation order.

5

Mother timely appealed from the findings and orders made upon adjudication of the petition, including the visitation order. The case was assigned to this panel on May 25, 2022, and fully briefed on June 9, 2022. Neither party requested oral argument, and the case was deemed submitted on August 5, 2022.

## DISCUSSION

Mother contends the juvenile court's order concerning visitation must be reversed because the court improperly delegated visitation decisions to the minor's legal guardian, which effectively gave the guardian authority to decide whether mother's visits would be supervised. The Department contends mother has not shown the court improperly delegated its duties and responsibilities concerning visitation to the legal guardian, and notes that mother failed to object to the visitation order because she *wanted* the possibility of unsupervised visits with the minor; indeed, as we have set forth above, mother had repeatedly requested unsupervised visitation.

As a preliminary matter, mother concedes she did not object to the visitation order but nevertheless contends we should exercise our discretion to review the issue. The Department notes mother's failure to object but does not argue against our exercise of discretion to review her claim.

Although mother forfeited the claim by failing to raise it in the juvenile court, we will exercise our discretion to consider it. In dependency cases, because the proceedings involve the well-being of children, considerations such as permanency and stability are of paramount importance. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) Because the facts here are undisputed and raise a question of law, we will exercise our discretion to consider the merits. (See, e.g., *In re M.R.* (2005) 132 Cal.App.4th 269, 272 [exercising its discretion to address the visitation order despite the mother's failure to object to the order in the juvenile court] (*M.R.*).)

6

When legal guardianship is ordered, the dependency court must make an order for parental visitation, unless visitation would be detrimental. (§ 366.26, subd. (c)(4)(C); see *M.R., supra*, 132 Cal.App.4th at p. 274.) The juvenile court has broad discretion in fashioning a visitation order when it issues letters of guardianship, and a reviewing court weighs such an order for abuse of discretion. (*In re A.C.* (2011) 197 Cal.App.4th 796, 799.) The guardians must not be given absolute discretion to determine whether visitation will occur at all. (*M.R.*, at p. 274.) The power to determine the right and extent to visitation by a noncustodial parent in a dependency case resides with the court and may not be delegated to nonjudicial officials or private parties. (*In re Donnovan J.* (1997) 58 Cal.App.4th 1474, 1476; see *In re Chantal S.* (1996) 13 Cal.4th 196, 213-214 [rule of nondelegation applies to exit orders issued when dependency jurisdiction is terminated].) Nonetheless, a visitation order may delegate to a third party the responsibility for managing the details of visits, including their time, place, and manner. (*In re Moriah T.* (1994) 23 Cal.App.4th 1367, 1374.) Appellate courts have overturned visitation orders that delegate discretion to determine *whether* visitation will occur, as opposed to simply the management of the details. (*In re Rebecca S.* (2010) 181 Cal.App.4th 1310, 1314 [rejecting visitation order which delegated authority to legal guardian discretion to decide frequency and duration of parent's visits with children]; *In re T.H.* (2010) 190 Cal.App.4th 1119, 1123 [rejecting visitation order providing that supervised visitation would occur only upon the " 'agreement of the parents' "]; *In re Julie M.* (1999) 69 Cal.App.4th 41, 51 [delegation to child]; *In re S.H.* (2003) 111 Cal.App.4th 310, 317-320 (*S.H.*) [same]; *Donnovan J.*, at pp. 1476-1478 [delegation to therapist].)

Here, the juvenile court modified mother's visitation order as set forth above, to reflect *minimum* visits of one time per month for a minimum of one hour. The details of arrangement and supervision were left to the guardian, given mother's desire for unsupervised visits to commence and the court's observation that the guardian could

7

ensure visits were either unsupervised or supervised if the need arose. Mother specifically complains that "if [m]other wanted to have an unsupervised visit, the legal guardian would have to 'agree' to allow it" and contends this was an improper delegation of the court's authority. As we have explained, the cases say otherwise.

When the juvenile court in a dependency case "orders visitation, it must also ensure that at least some visitation, at a minimum level determined by the court itself, will in fact occur." (*S.H., supra*, 111 Cal.App.4th at p. 313.) In the visitation order at issue here, the juvenile court described the frequency and duration of visits with sufficient specificity. The court ordered supervised visitation a minimum of once per month with a duration of one hour per visit and delegated to the legal guardian only the discretion to allow visits to be unsupervised. In our view, and particularly under these circumstances, this was not an improper delegation of the manner of visits. (*In re Moriah T., supra*, 23 Cal.App.4th at p. 1374.)

We also find *In re Grace C.* (2010) 190 Cal.App.4th 1470 instructive. In that case, the juvenile court's visitation order detailed when, for how long, and where visits with the mother were to occur but also gave the guardians discretion to liberalize visits and to permit unsupervised visits in consultation with the minor's therapist. (*Id.* at pp. 1477-1478.) On appeal, the mother contended that the juvenile court unlawfully delegated authority to the guardians and the therapist to reduce visitation. After noting that the visitation order specified the frequency and duration of visits, the appellate court found no abuse of discretion. (*Id.* at p. 1478.) Here, as in *Grace C.*, the visitation order specified the minimum length of the visits as well as how often visits were to occur and gave discretion to the guardian to permit unsupervised visits. Thus, the order not only assured that visits would take place, but also provided all of the parties with flexibility in managing the visitation. Mother's right to visitation is not illusory. (See *S.H., supra*, 111 Cal.App.4th at p. 319 ["by failing to mandate any minimum number of monitored visits per month or even to order that *some* visitation *must* occur each month, the court's

8

abstract recognition of [the parent's] right to visitation is illusory"].) We conclude the juvenile court did not abuse its discretion.

## DISPOSITION

The orders of the juvenile court are affirmed.


_____/s/_____
Duarte, J.


We concur:


_____/s/_____
Robie, Acting P. J.


_____/s/_____
Krause, J.